United States v. Robinson, case number 25-1287. Thank you. Good morning. Good morning, Your Honor. May it please the Court, Kendra Hutchinson of the Federal Defenders of New York for the appellant in this matter, Joshua Prezain Robinson. Resentencing is required in this case because the district court abused its discretion in refusing to reduce the sentence per Amendment 821 in this case. There are three reasons why. First of all, the Court's focus on the nature and the circumstances of the offense here did not bear the weight assigned to it by the Court. The Court noted, you know, that the first factor that the Court really cited here was the seriousness of the offense, and the Court noted and commented unfavorably on Mr. Robinson's, quote, role in the international trafficking offense. But, in fact, Mr. Robinson was not, you know, did not seemingly, was not a part of the international trafficking part of this at all. In fact, Mr. Robinson seemed to be confined, you know, his activities in this while serious were confined to the metro area. And so to that extent, the international trafficking aspect was not as serious as the Court made it out with that, and so it did not bear the weight. In addition, the nature and circumstances of the defendant in this instance. Now, the Court properly cited it, Your Honor, and, you know, that was a 3553 factor that the Court should have brought up. But the Court in that portion of its decision only discussed the criminal history of Mr. Robinson. It did not discuss, for example, his difficult upbringing, which, you know, the PSR cataloged at length as to, you know, his absent father, his crack-addicted mother, the difficulties he had growing up. And so the Court did not mention that at all. And so to that extent, the Court appeared to have ignored that aspect and not considered that in denying the sentence reduction. And then finally, the Court here appeared to have perhaps misapprehended the law to some extent as to post-sentencing rehabilitation. Now, the Court properly recognized what the Sentencing Guidelines 1B1.10 states, which is that a court may consider the post-sentencing rehabilitation or post-sentencing conduct. But the Court also said that it does not compel that result. The Court is not incorrect in saying that, but what the Court did not do is actually consider whether or not this post-sentencing rehabilitation bore upon the 3553 factors. So, in fact, the Court appeared to be.  What is the passage on A57 in which the district court seems to be considering the post-sentencing rehabilitation facts? What is the Court doing there? Your Honor, it appears to us that the Court seems almost to be weighing it as like an act of mercy or something that outweighs the seriousness of the offense. Right? You know, it's saying that this does not outweigh or require a lower sentence and does not outweigh or tip the balance as to the seriousness of the offense. In fact, the post-sentencing rehabilitation really, as Pepper, the Supreme Court's case in Pepper, teaches us, the Court ought to have considered that in light of, for example, its relevance to deterrence or for the protection of the public or Mr. Robinson's rehabilitative or vocational needs. So rather than, you know, of course it is proper for a court to consider in good conduct as mitigating or as mercy, you know, invoking. But in this instance, the Court really ought to have considered whether this was probative of Mr. Robinson being less of a threat to the public or being more deterred, that he had conducted all of these activities, indeed had, you know, increased his schooling in a way that he had not before. You're saying 3553A requires the Court to take any particular factor and expressly weigh it against purposes of punishment? You have to articulate that rather than just, I mean, we have law that says you don't even need to expressly invoke every point that's being made, but here the Court did and you're saying sort of didn't do it in some proper formalistic way? Yeah. No, I think the Court recognized that it needed to consider it or that it was a relevant factor here. Did consider it. No, that it needed to. But, you know, I think we're arguing here, Your Honor, that the Court did not properly consider it as it was relevant to the 3553 factors that it was relevant to. Didn't consider it in the right way. That's exactly right, Your Honor. And I'm sorry for being so inartful about this. And so that's what we contend is the problem with the Court's consideration here, that the Court indeed seemed to sort of weigh it against the seriousness of the offense, but rather instead the Court should have said, you know, this goes to the 3553A factor of deterrence. I find that he has been, you know, more deterred or less deterred. Your Honor, there is a reference to deterrence at A58, beginning of A57, right after the discussion of rehabilitation. Why can't we view that in a way that's charitable to the district court? Yeah, I mean, I think, you know, and I believe that there was an earlier portion in which the Court discusses deterrence too. But it's our contention here that the Court did not adequately consider the post-sentencing conduct in this case, Your Honor. Can I ask, you were seeking, what, a sentence of 108 months? I think that 1B1.10 does not allow the Court to go any lower than the time served. And his sentence will be up in July. I'm just wondering, I think you were seeking a 13, essentially a 13-month reduction, but you didn't seek expedition here. So, I mean, I would suggest a lack of confidence in the argument. I'm sorry that the Court feels that way. We thought that the Court would speedily calendar it, and in fact, you know, we filed this, I believe, last summer. You can seek expedition, as you know. And often when a sentence is being challenged, if the argument were to prevail and the defendant isn't likely to serve much time, we often do see motions for expedition. And our clerk's office is very responsive to that. I take Your Honor's point carefully. I would note that Mr. Robinson has actually been in a halfway house for a number of months. He's been in a halfway house for most of this, most of 2026. And that does not completely answer Your Honor's point here, but it does bear weight to it. So thank you, Your Honor. So you reserve some time for rebuttal. Two minutes, we'll hear from the Governor. Yes. Thank you, Your Honor. May it please the Court. I am Assistant United States Attorney Anna Karamidzios for the United States. The district court here acted well within its broad discretion in finding that the mitigating factors, including the defendant's post-sentencing conduct, did not outweigh the aggravating factors. And just to briefly address my adversary's argument about whether this was considered within the context of Section 3553A, it clearly was. The district court correctly noted that the analysis that was required was a Section 3553A balance balancing, that's the title of the heading of the section, and he weighed the post-sentencing conduct against things like the nature and circumstances of the offense and the history and characteristics of the defendant. Those are all Section 3553A factors, and that is the context in which the district court considered the defendant's post-sentencing conduct. Each of the defendants, Your Honors, at core amounts to a simple disagreement with how the district court weighed the Section 3553A factors, and that disagreement is not sufficient to establish an abuse of discretion. Indeed, this court has routinely and consistently held that the weight to be afforded to each Section 3553A factor is a matter firmly committed to the discretion of the district judge. The court should accordingly affirm the district court's decision, and unless there are any questions, I'll rest on my submission. Thank you, Your Honors. Counsel? Yes. Just to go back to your point very, very quickly, Judge Nathan, you know, the court could expeditiously decide this. You know, again, we have several months before the end of his sentence. He is out. He has been released from prison, is in a halfway house. Of course, the district court did not discuss in any way the supervised release portion of his sentence, which is what you want. Pardon me, Your Honor? What do you want? What are you asking for? What do you want? We'd like the court to remand for the district court to consider, reconsider the sentencing or the denial of the sentence reduction here. That's what we'd like the court to do, and we do not believe it would be both because there are several months before the end of his sentence and also because the release dates July. That's right, Your Honor, and there are five years of supervised release, and the district court did not discuss supervised release, so we cannot say that it is decreased in this instance. Thank you, Your Honors. Thank you very much. We'll reserve the decision.